UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MICHAEL NOVOTNY,

      Debtor.

_____/

ROBERTSON'S AUTO &
TRUCK, INC.,

      Plaintiff,

vs.

MICHAEL NOVOTNY,

      Defendant.

_____/

Case No. 6:05-bk-01679-ABB
Chapter 7

**FILED**

APR 1 2 2006

CLERK, U.S. BANKRUPT Y
ORLANDO D.........

Adv. Pro. No. 6:05-ap-00151-ABB

**MEMORANDUM OPINION**

This matter came before the Court on the Complaint to Determine Dischargeability of Debt, and Request for Declaratory Relief[1] filed by Robertson's Auto and Truck, Inc. a/k/a Robertson's Automotive, the Plaintiff herein ("Plaintiff"), against Michael Novotny, the Defendant and Debtor herein ("Debtor"). This is an action to determine the dischargeability of a debt pursuant to 11 U.S.C § 523(a)(2)(B).[2] Trial was held on February 9, 2006. Appearing at trial were the Plaintiff's representative, counsel for the Plaintiff, and the Debtor, *pro se*. The parties were granted leave to file supplemental briefs. Neither party filed post-trial briefs. The Court makes the following

---

[1] Doc. No. 1.
[2] The Plaintiff refers to 11 U.S.C. § 523(a)(2) in its Complaint, but does not specify the particular subsection of § 523(a)(2) on which the Complaint is based. It appears the Complaint is based upon § 523(a)(2)(B).

Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises:

## FINDINGS OF FACT

The Debtor filed an individual Chapter 7 bankruptcy case on February 23, 2005 and received a discharge on June 20, 2005.[3] He suffered a heart attack in 2002 and the resulting medical bills and his inability to work caused him to seek bankruptcy protection.

The Debtor owns a 1987 Chevrolet El Camino that has been modified from factory stock with aftermarket automotive parts and equipment. The vehicle is considered a "hot rod." The Debtor is knowledgeable regarding automobiles. The Plaintiff is an automotive service facility located in Seminole County, Florida. The Debtor engaged the Plaintiff to provide services and parts to modify the Vehicle. The Plaintiff installed a rebuilt used engine in the Vehicle. The Plaintiff's total charge for parts and labor was $1,200.28.

The Debtor tendered a check to the Plaintiff for the amount of $1,200.28 payable to "Robertson's Automotive" on December 18, 2003.[4] The Debtor signed his name "Michael Novotny" on the check, which was numbered 1289 and drawn on the account of "Star Custom Coach Inc." with Bank of America, Account No. 003448003569 (the "Check"). The Debtor issued the Check in good faith and without the intent to defraud the Plaintiff.

The Plaintiff accepted the Check and, relying on the Check as full payment for its services and costs, released the Vehicle to the Debtor. The Debtor drove the Vehicle out of the Plaintiff's facility. The Plaintiff attempted to deposit the Check at its bank on

---

[3] Main Case Doc. No. 10.
[4] Plaintiff's Exhibit No. 1.

2

December 18. 2003 within thirty minutes of receiving the Check. The bank refused to cash the Check. A representative of the bank advised the Plaintiff the Debtor had stopped payment on the Check.

The Debtor contends the Vehicle malfunctioned on his way home from the Plaintiff's facility and he called the Plaintiff to express his dissatisfaction with the Plaintiff's work. He stopped payment on the Check after having a heated telephone conversation with one of the Plaintiff's employees. The Plaintiff contends it never received a telephone call from the Debtor and the Debtor never advised the Plaintiff he was dissatisfied with its work. The Debtor stopped payment on the Check subsequent to issuing the Check because he found the Plaintiff's work to be unsatisfactory.

Star Custom Coach Inc. is a company owned by the Debtor and was an inactive Florida corporation at the time the Debtor issued the Check. The Plaintiff's reliance on the Check in releasing the Vehicle to the Debtor was not reasonable. The Plaintiff had interacted with the Debtor in his capacity as an individual and the Plaintiff performed services on his personal vehicle, not a commercial vehicle. The Plaintiff sent a letter to the Debtor on February 4, 2004 informing him that the Plaintiff could not cash the Check due to the stop payment order and demanded payment. The Debtor never issued payment to the Plaintiff.

The Plaintiff instituted an action against the Debtor in the County Court of Seminole County. Florida pursuant to a Florida civil statute addressing collection of a check. The state court entered a Final Judgment Against Michael Novotny by default in favor of the Plaintiff on February 18. 2005 (the "Judgment"). The Judgment awarded the Plaintiff $1,200.28 (the face amount of the Check) plus treble damages, prejudgment

interest of $95.99, a service charge of $60.00, and court costs of $177.50, for a total award of $3,934.33. Post-judgment interest at the rate of 7% per annum accrues on the Judgment award. The Judgment contains no findings of fact or conclusions of law. The Judgment references "section 68.065, Florida Statutes" as the basis for awarding treble damages and the service charge. The Debtor did not appear at the state court default judgment hearing because bankruptcy counsel had advised him to not participate in the litigation.

The Debtor did not use a written statement that was materially false respecting his or an insider's financial condition. He did not use a materially false written statement with the intent to deceive the Plaintiff. The Plaintiff contends the Debtor is the alter ego of Star Custom Coach, Inc. The Plaintiff presented no evidence in support of its alter ego contention.

## CONCLUSIONS OF LAW

The Plaintiff contends the Judgment is a non-dischargeable debt pursuant to 11 U.S.C § 523(a)(2)(B), which excepts a debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by:

(B) use of a statement in writing—

    (i)    that is materially false;
    (ii)   respecting the debtor's or an insider's financial condition;
    (iii)  on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
    (iv)  that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B) (2005). The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence.[5]

---

[5] Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2005).

Section 523(a) "should be strictly construed against the creditor and liberally in favor of the debtor."[6]

The Plaintiff contends the entry of the Judgment establishes the Debtor's intent to defraud the Plaintiff by stopping payment on the Check. The Judgment is based upon Florida Statutes § 68.065(1):

> In any civil action brought for the purpose of collecting a check, draft, or order of payment, the payment of which was refused by the drawee because of the lack of funds, credit, or an account, or where the maker or drawer stops payments on the check, draft, or order of payment with intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days following a written demand . . . the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check . . . for damages in triple the amount so owing . . . The maker or drawer shall also be liable for any court costs and reasonable attorney fees incurred by the payee in taking the action. . . .

FLA. STAT. § 68.065(1) (2003). The Plaintiff asserts the state court's award of treble damages pursuant to § 68.065 constitutes a finding by the state court the Debtor stopped payment on the Check with the intent to defraud the Plaintiff and the Debtor is estopped from contesting the fraud issue.

Where a plaintiff seeks nondischargeability of a debt on the basis of fraud committed by the debtor and presents a state court judgment to establish the fraud, the fraud for purposes of § 523(a)(2) "must be identical to that decided in the state court proceeding."[7] The Judgment references Florida Statutes § 68.065 in awarding treble damages and the service charge of $60.00 to the Plaintiff, but contains no findings of fact or conclusions of law regarding fraud. The Judgment does not contain findings that the Debtor used a written statement that was materially false respecting his financial

---

[6] In re Hunter, 780 F.2d 1577, 1579 (11th Cir. 1986); In re Bernard, 152 B.R. 1016, 1017 (Bankr. S.D. Fla. 1993). "Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system." 4 COLLIER ON BANKRUPTCY ¶523.05, at 523-24 (15th ed. rev. 2005).
[7] In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993).

condition, the Plaintiff reasonably relied on such statement, and the Debtor made the writing with the intent to deceive the Plaintiff. The Florida statutory authority for the issuance of the Judgment did not establish the requisite elements for nondischargeability of the debt pursuant to § 523(a)(2)(B).[8] The doctrine of collateral estoppel does not prevent the Debtor from denying fraudulent intent in this adversary proceeding. The elements of Florida Statutes § 68.065 are not identical to the elements of § 523(a)(2)(B) and the issues of fraudulent intent and reasonable reliance were not actually litigated in the state court proceeding.

The Court is required to strictly construe § 523(a)(2)(B) against the Plaintiff and liberally in favor of the Debtor.[9] The evidence presented at trial does not establish fraudulent intent by the Debtor. The Debtor testified he stopped payment on the Check because he was unhappy with the Plaintiff's work. The Plaintiff has not established by a preponderance of the evidence that the Debtor issued the Check then stopped payment on it with the intent to deceive the Plaintiff. The Plaintiff has failed to establish the elements of 11 U.S.C. § 523(a)(2)(B). The debt is not entitled to be excepted from discharge and judgment will be entered in favor of the Debtor. The Court will enter a separate judgment consistent with these Findings of Fact and Conclusions of Law.

Dated this 12th day of April, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

---

[8] Id. (The 11th Circuit Court of Appeals found a state court judgment to be nondischargeable where the judgment contained specific findings regarding fraudulent representations and established the elements of § 523(a)(2)(A) of the Bankruptcy Code. Collateral estoppel barred relitigation of the facts necessary for a determination of § 523(a)(2)(A) dischargeability.)

[9] In re Hunter, 780 F.2d at 1579; In re Bernard, 152 B.R. at 1017; 4 COLLIER ON BANKRUPTCY ¶523.05, at 523-24.